*44
 
 Nash, J.
 

 The judgment of the Court in this case must be affirmed : the plaintiff cannot sustain his action. The gun in question was the property of the plaintiff, and was levied on and sold by the defendant, who was a
 
 constable, to
 
 satisfy an execution in his hands. The gun was kept by the plaintiff to enable him to comply with the requsition of the Gth section of the 73rd chapter of the Revised Statutes. At the time of the levy and sale, the defendant was ignorant of the fact. All of a man’s property, both real and personal, is subject to an execution and liable to be sold to pay his debts, except such portion of it as may be exempted by some special law. And an officer, having an execution in his hands, is bound to levy it on such personal property, as he finds in the possession of the defendant in the execution, unless he knows or has good reason to believe, that it is not his property, or is protected by the law. The defendant in this case, like every other citizen, was bound to know the law, that a man’s arms for muster are exempt from execution ; but he was not bound to know, that this was the only gun, owned by the plaintiff and, if he owned others, that this particular one was used by him for the purpose of mustering. The law exempts from execution “one bed and its necessary furniture, one wheel and cards, one loom, working tools and arms for muster, one bible and testament, one prayer book, and all necessary school books”
 
 Rev. St. ch. 58, sec. 1.
 
 How can the officer know, for instance, what school books are reserved and what are necessary, unless he is informed by the owner, or he otherwise comes to the
 
 knowledge
 
 of the fact, either at the time he makes his levy, or at some time befare the sale ? The execution protected the defendant from being, in this case, a trespasser in levying on the gun, and his sale, in ignorance of the fact, for what purpose it was kept by the defendant in the execution constituted no conversion, without which the action cannot be maintained. Tt was the duty of the plaintiff if he
 
 *45
 
 wished to avail himself of the law, to have informed the officer, before the sale, of the fact, that the gun was kept for the purpose of mustering, and demanded its restoration.
 

 Per Curiam.
 

 Judgment affirmed.